IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

Plaintiff

vs.

1) JOSE ALMONTE-PEÑA
a/k/a Joselito, a/k/a Compadrito
Counts 1, 2, and 3
2) MATEO JUAN HOLGUIN-OVALLE
a/k/a El Don
Count 2
3) MANUEL ANTONIO PAULINO
a/k/a Campi, a/k/a Capi
Counts 2, 3 and 4
4) JEROVIN EDUARDO UBIERA
a/k/a Jevo
Counts 1 and 2
5) MIGUEL MENDEZ-ROJAS
Counts 1 and 2
6) ANGEL R. GARCIA
a/k/a Rene
Counts 1, 2, 3 and 4
7) RAFAEL INOA SANTANA
a/k/a Felo
Count 1
**8) CARLOS JACA-NAZARIO**
a/k/a Jaca
Counts 1and 3

Defendants

CRIMINAL 03-0153CCC

# O R D E R

Before the Court are the Objections to Pre-Sentence Report filed by defendant Carlos Jaca
Nazario on August 12, 2005 (**docket entry 245**), the Government's Objections to
Presentence Investigation Report filed on August 17, 2005 (**docket entry 246**), the
Government's Response to Defendant's Objections to Presentence Investigation Report filed on
August 17, 2005 (**docket entry 247**), the Government's Response in Accordance With Court
Order filed on August 28, 2005 (**docket entry 253**), the Government's Supplemental
Response to Include Law Enforcement Reports in Accordance With Court's Order filed on
August 31, 2006 (docket entry 259), the Pre-Sentence Memorandum Regarding Application
of U.S.S.G. §5G1.3 filed by defendant Jaca-Nazario under seal on December 21, 2005

CRIMINAL 03-0153CCC                              2

(**docket entry 313**), the Motion in Compliance filed by U.S. Probation Officer Andrea Cribben on January 31, 2006 (**docket entry 322**), the United States' Informative Motion in Reference to Defendant's Compliance With Safety Valve filed by the United States on March 21, 2006 (**docket entry 328**), the United States' Informative Motion in Reference to Defendant's Acceptance of Responsibility filed on March 29, 2006 (**docket entry 333**), the United States' Informative Motion in Reference to the United States' Objections to the Presentence Investigation Report filed on March 30, 2006 (**docket entry 334**) and the Defendant's Opposition to the United States' Informative Motion Regarding Acceptance of Responsibility and Opposition to United States' Objection to the PSR's Offense Level Calculation filed on March 31, 2006 (**docket entry 335**).

In the objections to the Pre-Sentence Report filed by defendant Jaca-Nazario (**docket entry 245**), he challenges the application of a two-level upward adjustment for his role as a manager or supervisor under U.S.S.G. §3B1.1(c) and the failure to be credited for an extra point for acceptance of responsibility under U.S.S.G. §3E1.1(b), and claims that he is still eligible for a two-level downward adjustment under U.S.S.G. §5C1.2 if he complies with the "safety valve" provisions. In addition, Jaca-Nazario contends that the indictment in this case and the indictment filed in Criminal No. 04-0105(PG) involve the same conspiracy, and that, as such, the sentence to be imposed in this case must be concurrently and coterminous with the sentence already imposed in that other case pursuant to U.S.S.G. §5G1.3. He requests to be sentenced to a term of 108 months.

Most of the objections raised by defendant have since been resolved in his favor. After the Court ordered the U.S. Probation Officer to listen to all the recorded conversations in which defendant participated (see docket entries 306 & 315), she reconsidered the application of an upward adjustment under U.S.S.G. §3B1.1(c) and petitioned that the PSR be amended to eliminate it (docket entry 322), which the Court allowed (docket entry 325). This, in turn, permitted defendant to qualify for a two-level downward adjustment under the "safety valve" provisions, for which the government later certified his eligibility (docket entry 328). The

CRIMINAL 03-0153CCC                          3

government has also recognized that defendant was entitled to an additional one-level reduction for his timely acceptance of responsibility under U.S.S.G. §3B1.1(c) (docket entry 333). Thus, the only remaining bone of contention is whether the indictment in this case and that filed in Criminal No. 04-0105(PG) involve the same conspiracy and, if that were the case, the effects of said relationship in the sentence to be imposed in this case.

As to this issue, defendant avers that both cases pertain to the same conspiracy as they involved the shipment of narcotics-laden suitcases employing the identical people. Defendant claims that the only difference between them is the manner in which the government became aware of defendants' illegal conduct: by Dominican telephone wiretaps in this case and by a government informant in 04-0105(PG). The government disagrees, stressing that the two Indictments involve different conspiracies during which, while their dates overlap, defendant worked for two different groups of people: real drug traffickers in this case and an undercover for the Drug Enforcement Administration in Criminal No. 04-0105(PG) where sham cocaine was transported instead.

Having reviewed the Indictment filed in this case and that filed in Criminal No. 04-0105(PG), we find that the criminal acts charged in each are not related. For one, defendant is the only individual charged in both Indictments. For another, while the conspiracy charged in this case lasted from October 1998 until September 2003, the one charged in 04-0105(PG) merely existed from February 27, 2003 to July 18, 2003. More important, however, is the fact highlighted by the government that the conspiracy charged in each case involved a different set of conspirators. Simply put, the Indictments in both cases charge separate conspiracies.

Whether this conclusion has any relevance to the application of U.S.S.G. §5G1.3 is another matter. Under said advisory guideline, the Court would be required to impose the sentence in this case consecutive to that of Criminal 04-0105(PG) if this offense was committed (1) while defendant was serving a term of imprisonment for that case, or (2) after having been sentenced in that case but before commencing the service of said term of imprisonment. U.S.S.G. §5G1.3(a). Neither situation is applicable here. In turn, a concurrent, adjusted

CRIMINAL 03-0153CCC                              4

sentence would have to be imposed if the offense charged in Criminal 04-0105(PG) was relevant conduct to that charged in this case and was the basis for an increase in the offense level for the instant offense.  U.S.S.G. §5G1.3(b).  But since the acts charged in Criminal 04-0105(PG) did not serve as a basis to increase the offense level in this case, said condition is not present here either.  Thus, the only part of U.S.S.G. §5G1.3 applicable here would be its section (c), a policy statement, which permits that the sentence to be imposed in this case be made concurrently, partially concurrently, or consecutively to the sentence already imposed in Criminal 04-0105(PG) "to achieve a reasonable punishment for the instant offense."  Thus, the Court's determination of whether the sentence to be imposed in this case shall run concurrently, partially concurrently, or consecutively to that already imposed in Criminal 04-0105(PG), as allowed by 18 U.S.C. §3584(a) and U.S.S.G. §5G1.3(c), shall be made after taking into account the factors listed in 18 U.S.C. §3553(a) and in Application Note 3 to U.S.S.G. §5G1.3(c).

In its Objections to the Pre-Sentence Investigation Report (**docket entry 246**), the government goes a step further and asks that the 30 kilograms of cocaine involved in this case be added to the 50 kilograms of cocaine attributed to defendant in Criminal No. 04-0105(PG) (see also docket entry 334), which would result in a two-level increase to the base offense level of 34 already determined in this case.  However, given that the government has successfully argued that the conspiracies charged in both cases are unrelated, we reject this proposition, which appears to have been an alternative argument in case the Court adopted defendant's position and found both conspiracies to be connected.  Thus, as the amount of cocaine involved in the conspiracy charged in this case was 30 kilograms of cocaine, the PSR correctly determined that the base offense level is 34 pursuant to U.S.S.G. §2D1.1(c)(3).

In sum, after applying all the sentencing guideline adjustments deemed pertinent, defendant's total offense level is now 29, which coupled with a Criminal History Category of I

CRIMINAL 03-0153CCC                         5

results in an advisory guideline sentencing range of 87 to 108 months.  In sentencing defendant, the Court will take into account this advisory range as well as all the factors enumerated in 18 U.S.C. §3553(a).

SO ORDERED.

At San Juan, Puerto Rico, on May 15, 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge